LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone:     415.882.3290
Facsimile:     415.882.3232
Email: ltownsend@owe.com

Attorney for Plaintiff
DAVID OPPENHEIMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OPPENHEIMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOG HAUS WORLDWIDE, LLC a<br>California Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant, Dog Haus Worldwide, LLC ("Defendant"), alleges:

**INTRADISTRICT ASSIGNMENT**

1.     Intradistrict assignment is appropriate under local Rule 3-2(c) because this is an Intellectual Property Action.

**THE PARTIES**

2.     Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

3.     Dog Haus Worldwide, LLC is a corporation organized and existing under the laws of the State of California with principal offices located in Pasadena, California.

**INTRODUCTORY FACTS**

4.      Oppenheimer is a professional photographer, and is the author (photographer) of the photographic image of the band, "Dead & Company" performing and accompanying crowd at the Shoreline Amphitheater in Mountain View, California, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyright in said image that is at issue in this matter (the "Work" **Exhibit 1**).

5.      Oppenheimer makes his photographic works available for print sales and licensing at his website http://performanceimpressions.com.

6.      Plaintiff has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration and the deposit photograph for the registration certificate, covering the subject photograph, bearing U.S. Copyright Registration No. VA 2-169-384 effective August 26, 2019.

7.      At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Plaintiff's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

8.      For many years, it has been Plaintiff's custom and business practice to display his copyright management information ("CMI") with his copyright registered photographs when they are first published or publicly displayed by him, and thereafter. When published or displayed by Plaintiff, the Work at issue in this case prominently displayed the CMI with a facial watermark, embedded in the metadata, and/or in an adjacent caption of the Work. Thus, Defendant were on

notice that the Work was copyright protected, and they were provided identifying material and means for contacting Plaintiff to obtain a license.

9.      Plaintiff is informed and believes and thereon alleges that all times relevant hereto, each of the parties, in addition to Defendant, responsible for the conduct herein alleged ("Defendants"), named or to be named, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendant and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10.     Within three (3) years of filing suit, Plaintiff discovered that the Defendant, or someone at its direction, infringed his copyright by uploading, displaying, creating derivative works, distributing, and/or publishing (or directing others to do so) the Work to promote the Defendant's business.

11.     The Work was displayed by the Defendant on (at least) the following URLs:

https://doghaus.com/news2.html

https://doghaus.com/images/news/397.jpg

Attached hereto as **Exhibit 3** and incorporated by reference is a copy of the infringing image displayed by the Defendant.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

12.     Plaintiff re-alleges and incorporates paragraphs 1 – 11 above as if recited *verbatim*.

3

13.    Defendant has non-willfully infringed Plaintiff's copyright in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

14.    Upon information and belief, Defendant has benefitted from infringement of the Work, while Plaintiff has been damaged; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

**COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT**

15.    Plaintiff re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16.    Alternatively, Defendant has recklessly/willfully infringed Plaintiff's copyright in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing, displaying, creating derivative works, and/or otherwise using, unauthorized copies of the Work in violation of Title 17.

17.    As is his pattern and practice, Oppenheimer had clearly marked copies of the Work with his CMI on the face of the Work, embedded within the metadata, and/or in legible captions adjacent to the Work where published or displayed. Oppenheimer's facial CMI consists of visible and legible watermarks and are displayed on the face of the works on each copy that he publishes; CMI in the metadata includes notices of copyright, a declaration stating "All Rights Reserved," and usage licensing instructions in addition to Oppenheimer's address, phone number, email, and the Performance Impressions website URL; and CMI in adjacent captions contain additional notices of copyright. Plaintiff does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title in them.

18.    Upon information and belief, the Defendant, or a third party acting on its behalf,

4

saw Plaintiff's copyright notice on the face of the Work prior to scraping it from the World Wide Web, incorporating the Work into its own self-promotion and uploading it online. Because the Defendant had the opportunity to appreciate that the Work was protected by copyright and that the Plaintiff was the sole author and owner of the Work, and still used it without license or authorization, Defendant recklessly/willfully infringed the Plaintiff's copyright of the Work.

19.    Upon information and belief,  the Defendant has benefitted from its infringement of the Work, while Plaintiff has suffered and will continue to suffer damages; therefore, Plaintiff is entitled to injunctive relief, damages (including disgorgement of Defendant's profits), and other relief set forth in the Act.

**COUNT III – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT**

20.    Plaintiff re-alleges and incorporates paragraphs 1 – 19 above as if recited *verbatim*.

21.    As is his pattern and practice, Oppenheimer had clearly marked the Work with his CMI on the face of the Work, in legible captions adjacent to the Work where published, and embedded as metadata within the Work as alleged above. Oppenheimer does this to distinguish and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title in them from legible facial watermarks, notices of copyright in captions adjacent to the Work where published, and from the metadata within the Work.

22.    In accomplishing the infringement identified above, and upon information and belief, the Defendant, or a third party at its behest, intentionally removed Plaintiff's CMI metadata from the Work and/or altered the facial CMI, replacing with false CMI, in violation of law.

23.    Upon information and belief, the Defendant distributed copies and/or derivatives of the Work knowing that Plaintiff's CMI had been removed and/or altered, all without

authorization, and with the Defendant's false CMI added.

24.     At the time that CMI was added, removed and/or altered from the Plaintiff's Work, and at the time the Work was published, displayed, or distributed having had CMI added, removed and/or altered, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Plaintiff's copyright. In addition, Defendant added false CMI onto the infringing webpage displaying the Work.

25.     Plaintiff is entitled to and seeks recovery of statutory damages from Defendant not less than $2,500, and not exceeding $25,000 for each of the Defendant's 17 U.S.C. § 1202(b)(1), 17 U.S.C. § 1202(b)(2), 17 U.S.C. § 1202(a)(1), and 17 U.S.C. § 1202(a)(2) volitional acts committed in violation of Plaintiff's rights, under 17 U.S.C. § 1203(c)(3)(B).

26.     Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

27.     As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained actual damages and/or entitlement to disgorgement of Defendant's profits in an amount not yet ascertained.

## RELIEF REQUESTED

1.     Plaintiff demands an accounting of Defendant's activities in connection with its infringement of his copyright in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by the Defendant through its infringing activities.

2.     Plaintiff is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendant's profits attributable to the infringement.

3.     Alternatively, and at Plaintiff's post-verdict election, because the Work was

registered prior to Defendant's infringement, Plaintiff is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including costs and attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

4.    Plaintiff is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by the Defendant through its violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

5.    Alternative to actual damages under the DMCA, at Plaintiff's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Plaintiff is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by the Defendant in violation of 17 U.S.C. §1202, plus Plaintiff's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**Plaintiff DEMANDS JUDGMENT:**

6.    That the Defendant, its agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyright in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Work, and from using it in marketing or advertising;

7.    That the Defendant be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Work that infringe Plaintiff's copyright, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

8.    That the Defendant provide an accounting of all gains, profits and advantages that it derived as a result of the willful and unlawful acts of copyright infringement above-described;

9.    That the Defendant be ordered to pay over to Plaintiff its actual damages sustained,

in addition to all of its profits attributable to the infringement, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringement described herein, pursuant to 17 U.S.C. § 504(b);

10. In the alternative, and at Plaintiff's election after verdict, that the Defendant be ordered to pay maximum statutory damages in the amount $150,000 for the Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

11. That in addition to the above, the Defendant be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendant's profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

12. That alternative to actual damages under the DMCA, and at Plaintiff's election after verdict, the Defendant be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing Plaintiff's copyright protected images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

13. That the Defendant be ordered to pay to Plaintiff all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); and

///

///

///

14.    That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

Dated: August 1, 2022             LAW OFFICES OF LAWRENCE G. TOWNSEND

                                  *s/Lawrence G. Townsend*
                                  Lawrence G. Townsend
                                  Attorney for Plaintiff
                                  DAVID OPPENHEIMER

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 1, 2022             LAW OFFICES OF LAWRENCE G. TOWNSEND

                                  *s/Lawrence G. Townsend*
                                  Lawrence G. Townsend
                                  Attorney for Plaintiff
                                  DAVID OPPENHEIMER